## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

SIM HENDERSON,
                Appellant,

      v.

OFFICE OF PERSONNEL
   MANAGEMENT,
                Agency.

DOCKET NUMBER
AT-0831-15-0578-I-1

DATE: January 25, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Sim Henderson</u>, Auburn, Alabama, pro se.

<u>Thomas Styer</u>, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his appeal under the doctrine of collateral estoppel. For the reasons set

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

forth below, the appellant's petition for review is DISMISSED as untimely filed without good cause shown.  5 C.F.R. § 1201.114(e), (g).

## BACKGROUND

¶2      On May 15, 2015, the appellant filed an appeal seeking to challenge the June 18, 1999 reconsideration decision of Office of Personnel Management (OPM) denying his application for disability retirement benefits under the Civil Service Retirement System as untimely filed.  Initial Appeal File (IAF), Tab 1.  The administrative judge issued an initial decision that dismissed the appeal based on the doctrine of collateral estoppel due to the fact that the appellant had filed an appeal of the same action on October 4, 2001, which was dismissed on December 10, 2001, as untimely filed without a showing of good cause.[2]  On September 22, 2004, the Board denied the appellant's petition for review of the initial decision.  *Henderson v. Office of Personnel Management*, MSPB Docket No. AT-0831-02-0037-I-1, Final Order (Sept. 22, 2004).

¶3      In this appeal, the initial decision informed the parties that it would become final, unless either party filed a petition for review by September 4, 2015.  IAF, Tab 11, Initial Decision (ID) at 4.  The appellant, however, did not file his petition for review until almost 1 year and 10 months later, on July 17, 2017.  Petition for Review (PFR) File, Tab 1.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶4      A petition for review generally must be filed within 35 days after the date an initial decision is issued.  5 C.F.R. § 1201.114(e).  The Board will waive this time limit only upon a showing of good cause for the delay in filing.  5 C.F.R. §§ 1201.12, 1201.114(f).  To establish good cause for the untimely filing of an

---

[2] *Henderson v. Office of Personnel Management*, MSPB Docket No. AT-0831-02-0037-I-1, Initial Decision (Dec. 10, 2001).

appeal, a party must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case. *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980). To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of his excuse and his showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to his inability to timely file his petition. *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table). Here, when the appellant filed his petition on July 17, 2017, the Office of the Clerk of the Board notified him in a letter dated July 20, 2017, that his petition was untimely and enclosed a "Motion to Accept Filing as Timely or Waive Time Limit" form, and advised the appellant that the Board might issue an order dismissing his petition as untimely if he did not submit the form, an affidavit, or a sworn statement. PFR File, Tab 2. The appellant failed to respond.

¶5        While the appellant is apparently acting pro se, that fact alone cannot overcome his filing delay and the absence of evidence showing due diligence. *De La Cruz Espan v. Office of Personnel Management*, 95 M.S.P.R. 403, ¶¶ 6-7 (2004). Because the record reveals that the appellant (1) was notified of the time limit for filing a petition for review, (2) was provided the opportunity to explain his untimely filing and advised of what he had to submit to support a motion to accept his filing as timely or to waive the time limit, and (3) failed to comply with the Board's instructions on timeliness, the Board finds that the appellant has failed to demonstrate due diligence or ordinary prudence which would excuse his late filing. Therefore, the Board finds no good cause exists for the filing delay.

¶6        Accordingly, we dismiss the petition for review as untimely filed. This is the final decision of the Merit Systems Protection Board regarding the timeliness

of the petition for review.[3]  The initial decision remains the final decision of the Board regarding the dismissal of the appeal under the doctrine of collateral estoppel.

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions

---

[3] Nevertheless, we have reviewed the appellant's claim that he is requesting another opportunity to appeal the dismissal of his untimely filing of his claim for retirement benefits.  PFR File, Tab 1.  The appellant asserts that he should be allowed to appeal the Board's decision because his medical records show that he was at the Veterans Administration Hospital for psychiatric care.  *Id.*  However, while the appellant contends that his medical records show that he was unable to timely file his request to OPM for retirement benefits within the 1-year filing deadline after his separation from Federal employment in 1991, he has provided no evidence or argument to show good cause for his untimely filing of his petition for review in this appeal.  *Id*.

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain

judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:            _____/s/ for_____
                         Jennifer Everling
                         Acting Clerk of the Board

Washington, D.C.